**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HELENA CHEMICAL COMPANY**                                                                    **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 4:16-CV-86-JMV**

**R&E FARMS and RICHARD J. YOUNG, JR.**                               **DEFENDANTS**

**AND**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HELENA CHEMICAL COMPANY**                                                                  **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 4:16-CV-87-JMV**

**DOUBLE Y FARMS, INC. and**                                                       **DEFENDANTS**
**RICHARD J. YOUNG, JR.**

___

**ORDER ON MOTIONS FOR WRITS OF GARNISHMENT**
___

This matter is before the court, *sua sponte*, to determine whether this case is properly before this court. For the reasons stated below, the court finds that the procedural posture of the case is improper and subject matter jurisdiction over the purported garnishments is lacking. In short, the holding of *Berry v. McLemore*, 795 F.2d 452 (5th Cir. 1986) requires that this court conclude: 1) plaintiff must initiate a new, separate, action for any writs of garnishment, and 2) if that action is to be filed in the United States District Court for the Northern District of Mississippi, plaintiff must establish an independent basis for federal subject matter jurisdiction over the garnishment proceeding— which is based on state law.

Facts

Defendant Double Y and Young defaulted under the terms of a credit sales agreement with Helena. Similarly, R&E Farms and Young defaulted under the terms of another credit sales agreement with Helena. Helena then sued in this court to enforce the agreements and recover its losses– asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for jurisdiction in each action. Following a motion, the cases were consolidated. Ultimately, the cases were resolved by Helena's successful motions for summary judgment, and on April 27, 2017, the court entered judgment against Double Y and Young– in the total amount of $432,335.99 plus post-judgment interest at the federal rate– and R&E Farms and Young— in the total amount of $280,767.11 plus post-judgment interest at the federal rate. The consolidated cases were then closed.

On October 9, 2017, Helena filed twelve motions for issuance of writs of garnishment [53]-[58] and [54]-[59], respectively— six in each closed consolidated action— against a number of banks or other companies believed to have accounts with or owe money to the defendants. No independent basis for jurisdiction was alleged to support the garnishment actions.

Law and Analysis

Because this court has an independent duty to examine its own jurisdiction, *see*, *generally*, *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574 (1999), the court invited briefs on the issue of whether the motions for writs of garnishment were properly filed in this closed action— and in particular, whether this court had subject matter jurisdiction over them. Specifically, the court called to the plaintiff's attention the decisions in *Berry v. McLemore*, 795 F.2d 452 (5th Cir. 1986) and *Bass v. Denney* (*In re Bass*), 171 F.3d 1016 (5th Cir. 1999).

In *Berry v. McLemore*, the United States Court of Appeals for the Fifth Circuit held that a garnishment action seeking enforcement against third parties who were strangers to the underlying judgment requires the institution of a new proceeding– separate from the primary action that established the judgment debt. *Id.* at 455. The Fifth Circuit further held that the Court did not have ancillary jurisdiction over garnishment proceedings, even if the garnishment is sought to satisfy the earlier judgment entered in the same case. *Id.* In short, an independent basis of federal jurisdiction must exist to vest the federal court with jurisdiction over the new and independent garnishment action in order for it to proceed thereon in federal court.

The Court of Appeals reiterated the holding in *Berry* in the later case, *In re Bass*, stating:

> Perhaps even more to the point is the recognition that the particular "supplemental jurisdiction" action we review today is a *new and independent action.* As noted earlier, the Denneys instituted this case against the Trustees as a combined garnishment and injunction proceeding . . . . Even though the Denneys voluntarily non-suited the garnishment, it and the mandatory injunction for advance notice are analytically indistinguishable for purposes of classification as new and independent actions.
>
> In this we are bound by our holding in *Berry v. McLemore* and the reasoning behind it. If anything, *Berry* was a closer case: It dealt with a money judgment previously rendered by the same court in which the judgment creditor was seeking to garnish the judgment debtor's former employer. Moreover, the court in question was a federal district court and thus a court of broader jurisdiction than a bankruptcy court. As in the instant case, the judicial proceeding in which the money judgment was rendered had been completed and was inactive, and the third party against whom the garnishment was sought in the second proceeding had not been a party to the first. The *Berry* court recognized the general principle that prior termination of a proceeding does not ordinarily prevent the court from aiding in collection, but determined that the general rule gives way to the more specific exception when the subsequent action is new and independent from the first. Relying on our pronouncement in *Butler v. Polk* that garnishment actions against those who were not parties to the original action "are generally construed as independent suits, at least in relation to the primary action" in which the judgment was rendered, we held in *Berry* that the district court lacked jurisdiction to entertain the garnishment.
>
> The *Butler/Berry* analysis is clearly applicable to the action brought by the Denneys in the Bankruptcy Court in Texas and stymies their effort to support jurisdiction of that court under the rules of supplemental jurisdiction. As we stated

in *Berry,* "we can find no case where a court held that it had ancillary jurisdiction to consider claims in a *new and independent action* merely because the second action sought to satisfy or give additional meaning to an earlier judgment." The bankruptcy court has no inherent jurisdiction to hear this case.

*In re Bass*, 171 F.3d 1016, 1024–25 (5th Cir. 1999).

Despite this authority, Helena argues, first, that the United States Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996) "overruled (or in the very least limited) [*Berry*]", and, second, that *In re Bass—* decided three years after *Peacock—* "turned on the limits of a bankruptcy court's jurisdiction as opposed to that of a district court." Brief at 4, [59]. Helena's arguments are ill founded.

First, *Peacock* did not overrule or limit *Berry*. On the contrary, the *Peacock* court ruled on the *Berry*-side of what the court called "a conflict among the Courts of Appeals" –the resolution of which was the very reason it granted certiorari. *Peacock*, 516 U.S. at 352. In a footnote, the *Peacock* court described the split as between the Third, Fourth, Seventh, and Ninth Circuits— all of whom, in varying types of collection actions, had held the actions were ancillary to the underlying claim giving rise to the judgment sought to be collected, and thus did not require a new independent action or an independent basis of federal court jurisdiction. *Id.* at 352, n.2. On the other side of the "Circuit-split" were collection cases from the Tenth and Fifth Circuits— specifically, *inter alia*, *Berry v. McLemore*— which do require an independent action and independent basis for federal subject matter jurisdiction. *Id.* Far from overruling *Berry,* the United States Supreme Court held in *Peacock* that an independent action with its own jurisdictional footing was required. *Id.* at 355. In other words, the *Peacock* court ruled in agreement with the *Berry*-side of the Circuit-split.[1]

---

[1] While it bears mentioning that the *Peacock* court did recite that a footnote in a prior decision— *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 834 n.10, 108 S. Ct. 2182, 2188 (1988) — was authority for the proposition that it had previously approved the exercise of ancillary jurisdiction over a garnishment, the case did not

The Fifth Circuit simply does not read *Peacock* as overruling or abrogating *Berry*. In 1999, three years after the *Peacock* decision, the Fifth Circuit expressly reaffirmed the holding in *Berry* concerning garnishments prosecuted in federal courts in *In re Bass*. *In re Bass*, 171 F.3d at 1024. In the following years, numerous courts in the Fifth Circuit have relied on *Berry* as controlling precedent on this very issue. *See*, *for example*, *Stevens v. Progressive Gulf Ins. Co.*, No. 1:13-cv-00244-GHD-DAS, 2014 U.S. Dist. LEXIS 157853, at *6 (N.D. Miss. Nov. 6, 2014)("garnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt."); *Berry v. McLemore,* 795 F.2d 452, 455 (5th Cir. 1986).

More specifically, in the case of *Denton v. Suter*, No. 3:11-CV-2559-N, 2015 WL 510969 (N.D. Tex. Feb. 6, 2015) plaintiff's instituted garnishment proceedings against Bank of America in order to collect on plaintiff's judgment against defendants. The *Denton* court held:

> [T]he United States Court of Appeals for the Fifth Circuit has held that a garnishment action seeking enforcement against third parties who were strangers to the underlying judgment requires the institution of a new proceeding separate from the primary action that established the judgment debt. *See Berry v. McLemnore*, 795 Fed 2nd 452, 455 (5th Cir. 1986). "The writ of garnishment, under the clear precedent of [the Fifth Circuit], is an action separate and independent from the action giving rise to the judgment debt." *Id.*
>
> And, the Fifth Circuit has further held that this Court does not have "ancillary jurisdiction" over any garnishment proceeding ….
>
> Plaintiff's proceeding with the garnishment action against a third party in this closed action against Defendant … is procedurally improper under the Fifth Circuit's binding precedent in *Berry v. McLemore,* 795 F.2d 452 (5th Cir.1986), and *In re Bass,* 171 F.3d 1016 (5th Cir.1999).

*Denton v. Suter*, No. 3:11-CV-2559-N, 2015 WL 510969, at *2, *3 (N.D. Tex. Feb. 6, 2015).

---

involve ancillary federal enforcement jurisdiction. *Mackey* went before Georgia Supreme Court up on a grant of certiorari. Federal courts were not involved until the Supreme Court heard the case. Even then, certiorari was granted in order to determine whether ERISA, a federal statute, preempted Georgia's garnishment statutes.

Conclusion

Similarly, Plaintiff's proceeding with the garnishment action against a third party in this closed action is procedurally improper under the Fifth Circuit's binding precedent in *Berry v. McLemore,* 795 F.2d 452 (5th Cir.1986), and *In re Bass,* 171 F.3d 1016 (5th Cir.1999). Therefore, should the plaintiff wish to move for writs of garnishment, plaintiff must initiate a new, separate, action. Further, if that action is filed in the United States District Court for the Northern District of Mississippi, plaintiff must establish an independent basis for federal subject matter jurisdiction.

**SO ORDERED** this, the 30th day of October, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**